IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEVIN IRVIN SHORT                    *

   v.                                      *    CIVIL ACTION NO. RWT-12-2476

BOBBY P. SHEARIN, WARDEN, et al.     *
                                           ******

## MEMORANDUM OPINION

On August 15, 2012, [1] the Clerk received Petitioner Kevin Irwin Short's 28 U.S.C. § 2254 habeas corpus application attacking his conviction for first-degree rape entered in 2001. ECF No. 1. On November 1, 2012, Respondents filed an Answer which solely addresses the timeliness of Petitioner's application. ECF No. 8. Petitioner was advised of his opportunity to file a reply (ECF No. 9) and has done so.[2] ECF Nos. 11, 13, 16 & 17. The Court finds no need for an evidentiary hearing, *see* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; *see also* 28 U.S.C. § 2254(e)(2), and for reasons set forth herein shall dismiss the Petition as time-barred and decline to issue a Certificate of Appealability.

## Procedural History

Petitioner entered an *Alford*[3] plea in the Circuit Court for Charles County, Maryland to first-degree rape on June 8, 2001 (ECF No. 8, Ex. 1) and was sentenced on June 18, 2001, to a life term of incarceration with all but 30 years suspended. *Id*. Petitioner did not file an application for leave

---

[1] The Petition is dated August 1, 2012 and thus deemed filed on that date. *See* Houston *v. Lack*, 487 U.S. 266 (1988); *United States. v. Dorsey*, 988 F.Supp. 917, 919-20 (D. Md. 1998).

[2] The case was stayed pending resolution of *Tasker v. State*, Civil Action No. AW-11-1869 (D. Md.) which considered whether motions to modify filed in Maryland criminal proceedings serve to toll the habeas limitations period. That matter has now concluded and this case is therefore ripe for review.

to appeal the entry of his guilty plea and sentence. Accordingly, his convictions became final on July 18, 2001, when the time for filing for leave to appeal expired. *See* Md. Code Ann., Cts & Jud. Proc. Art. §12-302(e) (appeal of guilty plea is by way of application for leave to appeal); *see also* Md. Rule 8-204(b) (application for leave to appeal to be filed within 30 days after entry of judgment or order form which appeal is sought).

On January 2, 2002, Petitioner sent a letter to the Circuit Court with the heading "Re: Reconsideration of Sentence" seeking placement in a drug treatment program. *Id.*, Ex. 1 at 11.

On October 30, 2007, Petitioner submitted a collateral attack on his conviction pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Pro. § 7-102, *et seq*. *Id.*, Ex. 1 at 14. During post-conviction proceedings, the State consented to allowing Petitioner to file a belated motion for reconsideration of sentence pursuant to Md. Rule 4-345.[4] *Id.* On January 15, 2009, the Circuit court denied post-conviction relief. On February 17, 2010, the Circuit Court granted Petitioner's motion to re-open post-conviction proceedings for the limited purpose of re-issuing its order denying relief. The order denying relief was re-issued that same day. On April 1, 2010, Petitioner filed an application for leave to appeal the post-conviction court's ruling. The application for leave to appeal was summarily denied by the Court of Special Appeals on August 10, 2010. The court's mandate issued on September 12, 2011. *Id.* Ex. 3.

## Analysis

---

[3] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

[4] A *pro se* motion for modification filed April 11, 2008, and a counseled motion for modification filed October 7, 2009, remain pending in the circuit court. *Id.*, Ex. 1.

Title 28 U.S. C. § 2244(d)[5] provides a one-year statute of limitations for those convicted in non-capital state cases. This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

Respondents argue that Petitioner's motion is time-barred because the one-year statute of limitations set forth in 28 U.S.C § 2244(d) started to run on July 19, 2001. Respondents assert that the January 2, 2002 letter regarding modification of sentence does not amount to a properly filed application for State post-conviction or other collateral review sufficient to toll the limitations period.

---

[5]This section provides:

>    (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>    (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In *Wall v Kholi*, 562 U.S._, 131 S. Ct. 1278 (2011), the Supreme Court considered whether a motion to reduce sentence under Rhode Island law tolled the limitations period set forth under 28 U.S.C. § 2244(d)(1)(A) for the purpose of constituting "post-conviction or other collateral review with respect to the pertinent judgment" as stated in 28 U.S.C. § 2244(d)(2). *See Wall*, 131 S.Ct. at 1281–82. The Court held "that the phrase 'collateral review' in § 2244(d) (2) means judicial review of a judgment in a proceeding that is not part of direct review," and reasoned that "[b]ecause the parties agree that a motion to reduce sentence under Rhode Island law is not part of the direct review process, we hold that respondent's motion tolled the AEDPA limitation period and that his federal habeas was therefore timely." *Id.* at 1282.[6] Recently, however, this district considered whether motions for modification of sentence filed under the Maryland Rules, as in Petitioner's case, were distinguishable from those filed in Rhode Island. The court found that the Maryland scheme for filing such motions was distinguishable from that of Rhode Island and that it did not serve to indefinitely toll the limitations period. *See Tasker v. State*, Civil Action No. AW-11-1869, appeal denied, *Tasker v. State*, 2013 U.S. App. LEXIS 6833 (No. 13-6219) (decided April 4, 2013; rehearing denied June 3, 2013) (4th Cir. 2013).

As noted, Petitioner's judgment of conviction became final for the purpose of the one-year limitations period on July 18, 2001. *See* Md. Rule 8-204(b) (stating application for leave to appeal must be filed within 30 days after entry of judgment or order). Petitioner's motions for modification or reduction of sentencing filed in 2008 and 2009 were held sub curia and did not toll the limitations period under § 2244(d). In light of this history, the instant Petition, filed on August 1, 2012, was several years outside the one-year limitations period of 28 U.S.C. § 2244(d). Specifically, Petitioner

had no properly filed post-conviction proceedings pending which would toll the limitations period from July 19, 2001 until the initiation of post-conviction proceedings on October 30, 2007.

Petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).[7]

In his Petition and Replies, Petitioner indicates that his claim should not be time-barred because "it took approx... 6-7 years for the Court to finally send transcripts to collateral review" and because there was a delay in receiving notice that his application for leave to appeal the post-conviction ruling was denied. ECF Nos. 1, 11, 13, 16, & 17. Any delay in receiving notice of the denial of his application for leave to appeal would not have prevented Petitioner from filing the instant Petition in a timely fashion especially because the post-conviction proceedings did not begin until several years after the statute of limitations had run.

Moreover, Petitioner has failed to demonstrate how the delay in receiving transcripts prevented him from filing the post-conviction petition. Petitioner claims ineffective assistance of counsel for failing to adequately prepare for trial and failing to provide adequate advice regarding the plea agreement. Specifically, Petitioner contends that trial counsel failed to: disclose discovery to him, review the discovery packet adequately with him, properly investigate the case including interviewing witnesses, and properly advise him regarding the plea agreement. Petitioner also

---

[6]*Wall* abrogated *Walkowiak v Haines*, 272 F.3d 234, 237 (4th Cir. 2001), which had instructed that determining collateral review turns on whether the motion is part of the criminal case or is a separate proceeding.

[7] *See also Lusk v. Ballard*, 2010 WL 3061482 (N.D.W. Va. 2010) (holding Fourth Circuit's test for equitable tolling, as set forth in *Harris*, remains virtually unchanged after *Holland*.)

claims ineffective assistance of trial counsel in that counsel failed to file a motion for modification of sentence and/or application for review of sentence on Petitioner's behalf. ECF Nos. 1 & 17. Each of these claims was within Petitioner's personal knowledge. It is difficult to see how the *Alfor*d plea or sentencing transcripts were necessary to support these claims. Moreover, delay in receiving transcripts does not support equitable tolling of the limitations period. *See e.g. Lloyd v. Vannatta*, 296 F. 3d 630, 633-34 (7th Cir. 2002) (refusal to provide petitioner complete transcript does not justify equitable tolling); *Donovan v. Main*, 276 F. 3d 87, 93 (1st Cir. 2002) (delay in obtaining transcript no basis for equitable tolling); *Gassler v. Bruton*, 255 F. 3d 492, 495 (8th Cir. 2001) (delay in obtaining transcript not a basis for equitable tolling); *Downs v. Maryland* 2012 U.S.Dist. LEXIS 105696, 8-10 (D. Md. 2012)

Likewise, Petitioner's *pro se* status and any attendant lack of knowledge of the law is not the type of extraordinary circumstance that would justify equitable tolling. *See Barrow v. New Orleans S.S. Ass'n*, 932 F. 2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of petitioner's unfamiliarity with the legal process or his lack of legal representation). In short, the Court does not find Petitioner's arguments for equitable tolling to be compelling. *See Rouse v. Lee*, 339 F.3d 238, 248-49 (4th Cir. 2003) (negligent mistake by party's counsel in interpreting AEDPA statute of limitations does not present extraordinary circumstances warranting equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 18 (2nd Cir. 2000) (*pro se* status does not establish sufficient ground for equitable tolling); *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000) (lack of notice of AEDPA amendments and ignorance of the law are not rare and exceptional circumstances that warrant equitable tolling); *Francis v. Miller*, 198 F.Supp.2d 232, 235

(E.D. N.Y. 2002) (ignorance of the law and legal procedure is not so exceptional as to merit equitable tolling). Therefore, the Petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254 "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant…If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In Slack *v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. Petitioner does not satisfy this standard, and the Court declines to issue a certificate of appealability as required under the Rules Governing Section 2254 petitions in the United States District Courts.

A separate Order follows.

October 25, 2013                                   _____/s/_____
Date                                                     Roger W. Titus
                                                             United States District Judge